## In re UPSTATE TANKS, INC., Debtor.

### Bankruptcy No. 80–21092.

United States Bankruptcy Court,
W. D. New York.

March 26, 1981.

---

David D. MacKnight, Rochester, N. Y., for debtor.

Damon, Morey, Sawyer & Moot by James S. Marvin, Buffalo, N. Y., for The Bank of New York.

Harris, Beach, Wilcox, Rubin & Levey by Jeffrey W. Baker, Rochester, N. Y., for Security Trust Co.

Hodgson, Russ, Andrews, Woods & Goodyear by Lawrence C. Brown, Buffalo, N. Y., for Manufacturers & Traders Trust Co.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtor in the above entitled matter has moved under § 506 for a valuation of

the secured claims held by Manufacturers & Traders Trust Company, Security Trust Company of Rochester and the Bank of New York.

The facts appear to be as follows. In June of 1974, Manufacturers & Traders Trust Company filed a security instrument covering inventory and accounts receivable. The Bank of New York in April and January of 1979 filed certificates of title covering tractors and trailer tanks owned by the debtor; in December of 1978 and March of 1979, they filed a UCC–1 covering, amongst other things, chattel paper. Security Trust Company in July of 1979 filed a UCC–1 covering chattel paper. Except for the tractors, tank trailers, and chattel paper there appears to be no assets of the debtor. The chattel paper covers leases of equipment to Petroleum Tank, Inc. which is also a Chapter 11 in this Court.

Manufacturers & Traders Trust Company argues that their filing in 1974 covering inventory and accounts receivable also covers chattel paper. UCC § 9–402 sets out the formal requisites of a financing statement and the requirements to perfect a security interest in collateral. It reads in pertinent part as follows:

> "A financing statement is sufficient if it ... contains a statement indicating the types, or describing the items, of collateral."

Chattel paper is a type of collateral distinct and separate from inventory and accounts receivable and while chattel paper was listed in the underlying documents, the UCC–1 did not contain a reference to it. Therefore, the statement is insufficient to perfect a security interest in the chattel paper and the leases which lie behind that paper. Since there are no inventory or accounts receivable, Manufacturers & Traders Trust Company is not a secured creditor.

The Bank of New York has a judgment in the amount of $139,051.86 rendered against Upstate Tanks for the money that it loaned it at the time it filed various UCC–1s and certificates of title agreements concerning the debtor. The debtor has valued the two Autocar tractors at $30,000 a piece and the two trailer tanks at $19,000 a piece. The Bank of New York has certificates of title upon these vehicles and therefore, they are entitled to a security interest in those vehicles to the extent of $98,000. The leases with Petroleum Tanks are valued at $189,118.00 in schedule B–3 of the debtor's petition. Therefore, it would seem that to the extent the leases are realized upon the Bank of New York should have a security interest to the extent of $41,051.86.

Security Trust Company who has the second lien on the chattel paper and who according to their claim is owed $145,958.41 should have a lien to this extent on the balance of the chattel paper after the Bank of New York is paid off and it is so ordered.